UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LUCKETT,<br><br>    Petitioner,<br><br>  v.<br><br>LANDON BIRD,<br><br>    Respondent. | Case No. 22-cv-06634-HSG<br><br>**ORDER DISMISSING CLAIM WITH PREJUDICE; SETTING BRIEFING SCHEDULE; DENYING REQUEST FOR COUNSEL; GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. Nos. 2, 4 |

Petitioner, an inmate at Valley State Prison in Chowchilla, California,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction from Alameda County Superior Court. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court DENIES Petitioner's request for appointment of counsel, Dkt. No. 2; GRANTS Petitioner's request to proceed *in forma pauperis*, Dkt. No. 4; and ORDERS the parties to address whether this action may proceed in light of the appeal pending in *Luckett v. Neuschmid*, Ninth Circuit C No. 21-15391.

**BACKGROUND**

On July 17, 2015, Petitioner was convicted by a jury of murder committed while engaged in attempted robbery and with personal use of a firearm, Cal. Penal Code §§ 187, 190.2(2)(17)(A),

---

[1] The Clerk of the Court is directed to substitute Warden Landon Bird in place of the previously named respondent because Warden Bird is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

1    12022.5(a).  Dkt. No. 1 at 1, 7.  Petitioner was sentenced to a term of twenty-five years to life
2    without parole for first-degree murder, life without parole for special circumstance murder, and
3    five years for use of a firearm.  Dkt. No. 1 at 1, 7.

On April 10, 2017, the state appellate court denied Petitioner's direct appeal, affirmed the judgment, and remanded for modification of the abstract of judgment.  *People v. Luckett*, C No. A145856, 2017 WL 1315669 at *1 (Cal. Ct. App. Apr. 10, 2017).  On June 12, 2017, the California Supreme Court denied the petition for review.  On January 8, 2018, the United States Supreme Court denied certiorari.  *Luckett v. California*, 138 S. Ct. 665 (2018).

On or about September 21, 2018, Petitioner filed a federal habeas petition in this court.[2]  *Luckett v. Neuschmid*, C No. 18-cv-7670 HSG ("*Luckett I*").  On November 23, 2020, the Court denied the petition for a writ of habeas corpus, denied a certificate of appealability, and entered judgment in favor of respondent.  *Luckett I*, Dkt. Nos. 14, 15.  Petitioner timely appealed the denial.  *Luckett I*, Dkt. No. 18.

In 2019, while the appeal of *Luckett I* was pending in the Ninth Circuit, Petitioner petitioned the state trial court to vacate his murder conviction and for resentencing pursuant to Cal. Penal Code § 1170.95.  *See People v. Luckett*, C No. A161197, 2021 WL 4843701, at *1 (Cal. Ct. App. Oct. 18, 2021).  The trial court appointed counsel, issued an order to show cause, and denied the petition on the merits.  *Id.*  Petitioner appealed the denial of his Section 1170.95 petition, and also requested that the state appellate court strike the probation investigation fee, as well as other fines, fees, and assessments imposed by the court.  *Id.*  On October 18, 2021, the state appellate court affirmed the denial of the Section 1170.95 petition, struck the portion of the judgment imposing the probation investigation fee pursuant to Calif. Assembly Bill No. 1869 (2019-2020 Reg. Sess., Stats. 2020, ch. 92, § 2; Assembly Bill 1869), and declined to address the other fines, fees, and assessments.  *See People v. Luckett*, C No. A161197, 2021 WL 4843701.  On November 19, 2021, Petitioner filed a petition for review with the California Supreme Court, which was

---

[2] Petitioner also sought collateral relief in the state courts.  *See Luckett I*, Dkt. No. 10, Exs. I-N. The order denying Petitioner's first federal habeas petition provides an overview of the state collateral proceedings.  *See Luckett I*, Dkt. No. 14 at 2-3.

denied on December 22, 2021.  *See People v. Luckett*, C No. S271872 (Cal. Sup. Ct.).

On March 31, 2022, the Ninth Circuit Court of Appeals granted a certificate of appealability with respect to the issue of whether the exclusion of evidence related to Petitioner's brother violated Petitioner's Sixth and Fourteenth Amendment rights to present a complete defense at trial, *Luckett v. Neuschmid*, Ninth Circuit C No. 21-15391 ("*Luckett II*"), Dkt. No. 11 (9th Cir. Mar. 31, 2022).  The Ninth Circuit *sua sponte* appointed counsel for the purposes of the appeal.  *Id.*  The appeal remains pending with the opening brief due on January 30, 2023.  *Luckett II*, Dkt. No. 19 (9th Cir. Nov. 9, 2022).

On or about October 27, 2022, Petitioner filed the instant federal petition for a writ of habeas corpus, arguing that the state court erred in denying him relief under Cal. Penal Code § 1170.95, which has now been renumbered as Cal. Penal Code § 1172.6; and that the fees, assessments, and restitution fines must be stricken because they were imposed without first holding a hearing on his ability to pay.  Dkt. No. 1.

# DISCUSSION

## A.     Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

## B.     Order to Show Cause

The petition alleges the following grounds for federal habeas relief:  (1) the state court's denial of his petition for resentencing pursuant to Cal. Penal Code § 1170.95, which has now been renumbered as Cal. Penal Code § 1172.6, denied him due process because there was insufficient evidence that the nonshooter acted with the required *mens rea*; and (2) the state court violated the Equal Protection Clause, Due Process Clause, and the prohibition on excessive fines, as set forth in the Fifth, Eighth, and Fourteenth Amendments when it failed to hold a hearing on Petitioner's

ability to pay prior to imposing fees, assessments, and restitution fines. *See generally* Dkt. No. 1.

Liberally construed, the petition's first claim states a cognizable claim for federal habeas relief, *see In re Winship*, 397 U.S. 358, 364 (1970) (criminal defendant may be convicted only upon proof beyond reasonable doubt of every fact necessary to constitute crime with which he is charged), and merits an answer from Respondent, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally). In relevant part, Section 1172.6 provides that, at the resentencing hearing, if the prosecution fails to prove, beyond a reasonable doubt, that the petitioner is guilty of murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019, the prior conviction, and any allegations and enhancements attached to the conviction "shall be vacated." Cal. Penal Code § 1172.6(d)(3). Although resentencing under Section 1172.6 is a state remedy, the denial of a Section 1172.6 resentencing petition could potentially give rise to a due process claim if relief were warranted under the statute but denied, i.e., if the evidence were no longer sufficient to support a conviction of murder or attempted murder because of the changes to Cal. Penal Code § 188 or § 189, made effective January 1, 2019. *See, e.g., People v. Torres*, 46 Cal. App. 5th 1168, 1180 (Cal. Ct. App. 2020) (in discussing defendant's resentencing request pursuant to then Section 1170.95, stating that "[t]here is . . . a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of Torres's constitutional right to due process . . . because it would be unjust for a court to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record.").

The petition's second claim, however, is dismissed with prejudice because the imposition of the fees, assessments, and fines do not impact Petitioner's ability to be released from custody and the issue is therefore not cognizable on federal habeas review. *See Bailey v. Hill*, 599 F.3d 976, 980-981 (9th Cir. 2010) (imposition of fine is insufficient to meet "in custody" jurisdictional requirement set forth in § 2254(a)). That Petitioner also challenges his custody does not suffice to confer jurisdiction to review his restitution claim. *See United States v. Thiele*, 314 F.3d 399, 401-02 (9th Cir. 2002) ("cognizable claims in a § 2255 motion do not run interference for non-

cognizable claims") (holding that petitioner could not collaterally attack restitution order under Section 2255 even when joined with cognizable claims for release from custody). The petition's second claim is DISMISSED with prejudice.

However, before ordering Respondent to show cause why Petitioner is not entitled to federal habeas relief on the cognizable claim identified above, the Court orders the parties to first address the threshold issue of whether this petition may proceed in light of the appeal pending in *Luckett v. Neuschmid*, Ninth Circuit C No. 21-15391. Within **sixty-three (63) days** of the date of this order, Respondent should address whether this petition may proceed in light of that appeal. Within **twenty-eight (28) days** of the date Respondent's brief is filed, Petitioner shall file a responsive brief addressing this issue and any other issues raised by Respondent in his brief.

**C.      Request for Appointment of Counsel**

Petitioner has requested appointment of counsel. Dkt. No. 2. He argues that appointment of counsel is necessary to protect his interest in the fundamental fairness of habeas proceedings, citing to *Sawyer v. Smith*, 497 U.S. 227, 241-44 (1991); the United States Supreme Court has prohibited courts from utilizing procedures that have the effect of foreclosing meaningful exploration of defenses and precluding the development of true facts, citing to *Smith v. Murray*, 477 U.S. 527, 538 (1986); habeas petitions should not be allowed to founder in a procedural morass, citing to *Harris v. Nelson*, 394 U.S. 286, 298 (1969); and Petitioner is proceeding *pro se*, as a layperson in law, and lacks knowledge of the many technical requirements of habeas proceedings. Petitioner also requests the appointment of a special master to investigate his allegations. *See generally* Dkt. No. 2.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the

1  exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial
2  and complex procedural, legal or mixed legal and factual questions; (3) cases involving
3  uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance
4  of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to
5  investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz,
6  *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is
7  mandatory only when the circumstances of a particular case indicate that appointed counsel is
8  necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345
9  F.2d 778, 782 (9th Cir. 1965). Here, the circumstances of this case does not indicate that
10 appointment of counsel is mandatory. This action does not fall within the six exceptions
11 enumerated above. Nor is a special master appropriate here. Petitioner has not requested, much
12 less shown a need for, an evidentiary hearing. The Court is limited to considering only the facts
13 presented in the state court proceeding. 28 U.S.C. § 2254(d). The cases cited by Petitioner do not
14 require appointment of counsel. None of these cases concern the appointment of counsel in
15 Section 2254 proceedings. The Court DENIES Petitioner's request for appointment of counsel
16 without prejudice to *sua sponte* appointing counsel should the circumstances so require. Dkt. No.
17 2.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk of the Court is directed to substitute Warden Landon Bird in place of the previously named respondent.

2. Petitioner's request for appointment of counsel is DENIED. Dkt. No. 2.

3. Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 4.

4. The Court DISMISSES with prejudice Petitioner's claim that the state court violated the Equal Protection Clause, Due Process Clause, and the prohibition on excessive fines, as set forth in the Fifth, Eighth, and Fourteenth Amendments when it failed to hold a hearing on his ability to pay prior to imposing fees, assessments, and restitution fines.

5. The Clerk shall serve electronically a copy of this order upon the Respondent and

the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Petitioner.

      6.      Within **sixty-three (63) days** of the date of this order, Respondent should address whether this petition may proceed in light of the appeal pending in *Luckett v. Neuschmid*, Ninth Circuit C No. 21-15391.  Within **twenty-eight (28) days** of the date Respondent's brief is filed, Petitioner shall file a responsive brief addressing this issue and any other issues raised by Respondent in his brief.

      7.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

      8.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. Nos. 2, 4.

**IT IS SO ORDERED.**

Dated:  December 16, 2022

HAYWOOD S. GILLIAM, JR.
United States District Judge