UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LUCKETT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN RAUL MORALES,<br><br>Respondent. | Case No. 22-cv-06634-HSG<br><br>**ORDER GRANTING REQUEST TO LIFT STAY AND REOPEN ACTION; DIRECTING CLERK TO LIFT STAY AND REOPEN ACTION; DENYING REQUEST TO SUPPLEMENT PETITION; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 9 |

Petitioner, an inmate at Valley State Prison in Chowchilla, California,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is in custody pursuant to a 2015 state court conviction from Alameda County Superior Court. Dkt. No. 1 at 1, 7. For the reasons set forth below, the Court GRANTS Petitioner's request to lift the stay and reopen this action, Dkt. No. 9; ORDERS the Clerk to LIFT the stay and REOPEN this action; DENIES the request to supplement the petition, Dkt. No. 9; and ORDERS Respondent to show cause why the petition should not be granted.

**DISCUSSION**

**I.  Procedural Background**

On July 17, 2015, Petitioner was convicted by a jury of murder committed while engaged in attempted robbery and with personal use of a firearm, Cal. Penal Code §§ 187, 190.2(2)(17)(A),

---

[1] Warden Landon Bird is currently the named respondent in this action. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Raul Morales, the current warden of Valley State Prison, in place of the previously named respondent because Warden Morales is Petitioner's current custodian.

1   12022.5(a). Dkt. No. 1 at 1, 7. Petitioner was sentenced to a term of twenty-five years to life

2   without parole for first-degree murder, life without parole for special circumstance murder, and

3   five years for use of a firearm. Dkt. No. 1 at 1, 7.

4           On April 10, 2017, the state appellate court denied Petitioner's direct appeal, affirmed the

5   judgment, and remanded for modification of the abstract of judgment. *People v. Luckett*, C No.

6   A145856, 2017 WL 1315669 at *1 (Cal. Ct. App. Apr. 10, 2017). On July 12, 2017, the

7   California Supreme Court denied the petition for review. *People v. Luckett*, Cal. Sup. Ct. C No.

8   S241577 (Cal. Sup. Ct. Jul. 12, 2017). On January 8, 2018, the United States Supreme Court

9   denied certiorari. *Luckett v. California*, Sup. Ct. C No. 17-6481, 138 S. Ct. 665 (2018).

10          On or about September 21, 2018, Petitioner filed a federal habeas petition in this court.[2]

11  *Luckett v. Neuschmid*, C No. 18-cv-7670 HSG ("*Luckett I*"). On November 23, 2020, the Court

12  denied the petition for a writ of habeas corpus, denied a certificate of appealability, and entered

13  judgment in favor of respondent. *Luckett I*, Dkt. Nos. 14, 15. Petitioner timely appealed the

14  denial. *Luckett I*, Dkt. No. 18.

15          In 2019, while the appeal of *Luckett I* was pending in the Ninth Circuit, Petitioner

16  petitioned the state trial court to vacate his murder conviction and for resentencing pursuant to Cal.

17  Penal Code § 1170.95. *See People v. Luckett*, C No. A161197, 2021 WL 4843701, at *1 (Cal. Ct.

18  App. Oct. 18, 2021) ("*Luckett II*"). The trial court appointed counsel, issued an order to show

19  cause, and denied the petition on the merits. *Id.* Petitioner appealed the denial of his Section

20  1170.95 petition to the state appellate court, and also requested that the state appellate court strike

21  the probation investigation fee, as well as other fines, fees, and assessments imposed by the court.

22  *Id.* On October 18, 2021, the state appellate court affirmed the denial of the Section 1170.95

23  petition, struck the portion of the judgment imposing the probation investigation fee pursuant to

24  Calif. Assembly Bill No. 1869 (2019-2020 Reg. Sess., Stats. 2020, ch. 92, § 2; Assembly Bill

25  1869), and declined to address the other fines, fees, and assessments. *See Luckett II*. On

---

[2] Petitioner also sought collateral relief in the state courts. *See Luckett I*, Dkt. No. 10, Exs. I-N. The order denying Petitioner's first federal habeas petition provides an overview of the state collateral proceedings. *See Luckett I*, Dkt. No. 14 at 2-3.

November 19, 2021, Petitioner filed a petition for review with the California Supreme Court, which was denied on December 22, 2021. *See People v. Luckett*, Cal. Sup. Ct. C No. S271872.

On March 31, 2022, the Ninth Circuit Court of Appeals granted a certificate of appealability with respect to the issue of whether the exclusion of evidence related to Petitioner's brother violated Petitioner's Sixth and Fourteenth Amendment rights to present a complete defense at trial, *Luckett v. Neuschmid*, Ninth Circuit C No. 21-15391 ("*Luckett III*"), Dkt. No. 11 (9th Cir. Mar. 31, 2022).

On or about October 27, 2022, Petitioner filed this action pursuant to 28 U.S.C. § 2254, arguing that he is entitled to federal habeas relief on the following grounds: the state court erred in denying him relief under Cal. Penal Code § 1170.95, which has now been renumbered as Cal. Penal Code § 1172.6; and the fees, assessments, and restitution fines must be stricken because they were imposed without first holding a hearing on his ability to pay. Dkt. No. 1.

On February 16, 2022, the Court found that the first claim stated a cognizable claim for federal habeas relief, but dismissed the second claim with prejudice because success on this claim would not impact Petitioner's ability to be released from custody, as required for federal habeas jurisdiction. The Court ordered Respondent to show cause as to why Petitioner was not entitled to relief on the cognizable claim. *See generally* Dkt. No. 5.

On March 23, 2023, the Court granted Petitioner's unopposed request to stay the action pending the resolution of 9th Cir. C No. 21-15391, *Luckett III*, and stayed and administratively closed this action. Dkt. No. 8.

On or about April 4, 2024, Petitioner filed a request to lift the stay and reopen this action. Dkt. No. 9.

**II.     Granting Request to Lift Stay and Reopen Action (Dkt. No. 9)**

Petitioner has requested that the Court lift the stay and reopen this action. Dkt. No. 9. The Ninth Circuit denied *Luckett III* on the merits on March 15, 2024, and issued the formal mandate on April 9, 2024. *Luckett III*, Dkt. Nos. 55, 56. Accordingly, the Court GRANTS the request to lift the stay and reopen this action. Dkt. No. 9. The Clerk is directed to LIFT the stay and REOPEN this action.

### III. Denying Request to Supplement the Petition

Petitioner has requested that Court allow him to supplement his petition with additional arguments, which he details in Dkt. No. 9. *See generally* Dkt. No. 9. The Court DENIES this request as Petitioner may not amend or supplement his petition piecemeal by filing additional pleadings. However, the denial is without prejudice to Petitioner filing an amended petition that contains all the claims and arguments that he wishes to make. Petitioner is cautioned that, generally, amendment of a petition constitutes waiver of any omitted arguments or claims from previous versions of the petition. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008). The filing of a new petition cancels out and waives any claims from the old petition. *Id.* Accordingly, if Petitioner is seeking only to add additional arguments, he should file an amended petition that includes the claims and arguments set forth in the operative petition (Dkt. No. 1), and include the new claims and arguments he wishes to bring.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Raul Morales, the current warden of Valley State Prison, in place of the previously named respondent because Warden Morales is Petitioner's current custodian.

2. The Court GRANTS Petitioner's request to lift the stay and reopen this action. Dkt. No. 9. The Court ORDERS the Clerk to LIFT the stay and REOPEN this action.

3. The Court DENIES Petitioner's request to supplement the petition. Dkt. No. 9. This denial is without prejudice to Petitioner filing an amended petition, setting forth all the arguments and claims that he wishes to bring in this action. The Clerk is directed to send Petitioner two copies of the Court's federal habeas petition form.

4. The operative petition remains Dkt. No. 1. The Court sets the following briefing schedule.

Within **ninety-one (91) days** of the issuance of this order, Respondent shall file with the Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted
2  based on the claims found cognizable in the Court's December 16, 2022 Order to Show Cause
3  (Dkt. No. 5).  Respondent shall file with the answer and serve on petitioner a copy of all portions
4  of the state trial record that have been transcribed previously and that are relevant to a
5  determination of the issues presented by the petition.  If petitioner wishes to respond to the
6  answer, he shall do so by filing a traverse with the Court and serving it on respondent within
7  **thirty-five (35) days** of the date the answer is filed.

        Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

        This order terminates Dkt. No. 9.

**IT IS SO ORDERED.**

Dated:   6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

5