1

2

3

4    UNITED STATES DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6

7    CHARLES EDWARD LUCKETT,        Case No. 22-cv-06634-HSG

8        Petitioner,    **ORDER GRANTING MOTION TO DISMISS; DISMISSING PETITION WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY**

9        v.

10    WARDEN O'BRIAN BAILEY,    Re: Dkt. No. 12

11        Respondent.

12

13

14        Petitioner, an inmate at Valley State Prison in Chowchilla, California,[1] filed this *pro se*

15    writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the state court denial of his Cal.

16    Penal Code § 1172.6 resentencing petition. Dkt. No. 1 at 1, 7. Now pending before the Court is

17    Respondent's motion to dismiss. Dkt. No. 12. Petitioner has filed an opposition, Dkt. No. 13, and

18    Respondent has filed a reply, Dkt. No. 14. For the reasons set forth below, the Court GRANTS

19    Respondent's motion to dismiss; DISMISSES the petition with prejudice; and DENIES a

20    certificate of appealability.

21                                        **DISCUSSION**

22    **I.    Procedural Background**

23        On July 17, 2015, Petitioner was convicted by a jury of murder committed while engaged

24    in attempted robbery and with personal use of a firearm, Cal. Penal Code §§ 187, 190.2(2)(17)(A),

25    12022.5(a). Dkt. No. 1 at 1, 7. Petitioner was sentenced to a term of twenty-five years to life

26

27    [1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to

28    substitute O'Brian Bailey, the current warden of Valley State Prison, in place of the previously named respondent because Warden Bailey is Petitioner's current custodian.

*United States District Court*
*Northern District of California*

1      without parole for first-degree murder, life without parole for special circumstance murder, and

2      five years for use of a firearm.  Dkt. No. 1 at 1, 7.

3              In 2019, Petitioner petitioned the state trial court to vacate his murder conviction and for

4      resentencing pursuant to Cal. Penal Code § 1170.95.  *See People v. Luckett*, C No. A161197, 2021

5      WL 4843701, at *1 (Cal. Ct. App. Oct. 18, 2021).  The trial court appointed counsel, issued an

6      order to show cause, and denied the petition on the merits.  *Id.*  Petitioner appealed the denial of

7      his Section 1170.95 petition to the state appellate court, and also requested that the state appellate

8      court strike the probation investigation fee, as well as other fines, fees, and assessments imposed

9      by the court.  *Id.*  On October 18, 2021, the state appellate court affirmed the denial of the Section

10     1170.95 petition, struck the portion of the judgment imposing the probation investigation fee

11     pursuant to Calif. Assembly Bill No. 1869 (2019-2020 Reg. Sess., Stats. 2020, ch. 92, § 2;

12     Assembly Bill 1869), and declined to address the other fines, fees, and assessments.  *See id.*  On

13     November 19, 2021, Petitioner filed a petition for review with the California Supreme Court,

14     which was denied on December 22, 2021.  *See People v. Luckett*, Cal. Sup. Ct. C No. S271872.

15             On or about October 27, 2022, Petitioner filed this action pursuant to 28 U.S.C. § 2254,[2]

16     arguing that the state court erred in denying him relief under Cal. Penal Code § 1170.95 (which

17     has now been renumbered as Cal. Penal Code § 1172.6); and that the fees, assessments, and

18     restitution fines must be stricken because they were imposed without first holding a hearing on his

19     ability to pay.  Dkt. No. 1.  On February 16, 2023, the Court found that the first claim stated a

20     cognizable claim for federal habeas relief:

21             Liberally construed, the petition's first claim [that the state court's denial of his
22     petition for resentencing pursuant to Cal. Penal Code § 1170.95, which has now been
       renumbered as Cal. Penal Code § 1172.6, denied him due process because there was
       insufficient evidence that the nonshooter acted with the required *mens rea*] states a
23     cognizable claim for federal habeas relief, *see In re Winship*, 397 U.S. 358, 364 (1970)
       (criminal defendant may be convicted only upon proof beyond reasonable doubt of every
24     fact necessary to constitute crime with which he is charged), and merits an answer from
       Respondent, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must
25

26     ─────────────────────
       [2] Petitioner has previously filed a federal habeas petition in this court, challenging his underlying
27     conviction.  *See Luckett v. Neuschmid*, C No. 18-cv-7670 HSG; *see also* Dkt. No. 11 at 1-3
       (setting forth detailed recounting of Petitioner's habeas filing history in the federal courts).  The
28     Court does not discuss the procedural history of that petition as it does not affect the pending
       motion to dismiss.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

construe pro se petitions for writs of habeas corpus liberally). In relevant part, Section 1172.6 provides that, at the resentencing hearing, if the prosecution fails to prove, beyond a reasonable doubt, that the petitioner is guilty of murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019, the prior conviction, and any allegations and enhancements attached to the conviction "shall be vacated." Cal. Penal Code § 1172.6(d)(3). Although resentencing under Section 1172.6 is a state remedy, the denial of a Section 1172.6 resentencing petition could potentially give rise to a due process claim if relief were warranted under the statute but denied, i.e., if the evidence were no longer sufficient to support a conviction of murder or attempted murder because of the changes to Cal. Penal Code § 188 or § 189, made effective January 1, 2019. *See, e.g., People v. Torres*, 46 Cal. App. 5th 1168, 1180 (Cal. Ct. App. 2020) (in discussing defendant's resentencing request pursuant to then Section 1170.95, stating that "[t]here is . . . a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of Torres's constitutional right to due process . . . because it would be unjust for a court to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record.").

10

11

12

13

Dkt. No. 5 at 4.  The Court dismissed the second claim with prejudice because success on this claim would not impact Petitioner's ability to be released from custody, as required for federal habeas jurisdiction. The Court ordered Respondent to show cause as to why Petitioner was not entitled to relief on the cognizable claim.  *See generally* Dkt. No. 5.

14

15

On March 23, 2023, the Court granted Petitioner's unopposed request to stay the action pending the resolution of Ninth Circuit case no. 21-15391, *Luckett v. Neuschmid*.  Dkt. No. 8.

16

17

On or about April 4, 2024, Petitioner filed a request to lift the stay and reopen this action. Dkt. No. 9.

18

On June 17, 2024, the Court lifted the stay and reopened this action.  Dkt. No. 11.

19

**II.    Motion to Dismiss (Dkt. No. 12)**

20

21

22

23

24

25

Respondent has filed a motion to dismiss this petition for failing to state a cognizable claim for federal habeas relief.  Respondent argues that claims challenging denials of Cal. Penal Code § 1170.95[3] resentencing petitions allege errors in the application of a state sentencing law, and therefore are not cognizable in federal habeas.  In support of this argument, Respondent cites to various cases in which California federal district courts have dismissed Cal. Penal Code § 1170.95 resentencing claims as state law claims which are not cognizable in federal habeas.  Dkt. No. 12 at

26

27

28

---

[3] In 2022, Cal. Penal Code § 1170.95 was amended and renumbered as Cal. Penal Code § 1172.6. Because Petitioner invokes Section 1170.95, and because most of the case law cited herein mentions Section 1170.95 rather than Section 1172.6, the Court references the law by its former number.

United States District Court
Northern District of California

1    4-5.  Respondent further argues that the Court erred in finding that the Cal. Penal Code § 1170.95

2    resentencing claim stated a cognizable claim because (1) a federal habeas petitioner may not

3    transform a state-law issue into a federal one simply by asserting a violation of due process, citing

4    to *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); and (2) a state court's interpretation of

5    state law binds a federal court sitting in habeas corpus, and here the state appellate court found that

6    Petitioner was not entitled to relief under Cal. Penal Code § 1170.95, a state law.  Dkt. No. 12 at

7    5-6.  Finally, Respondent argues that the Court's reliance on *People v. Torres*, 46 Cal. App. 5th

8    1168, 1180 (Cal. Ct. App. 2020), is misplaced because (1) *Torres* is a California court decision

9    and therefore cannot be the basis for federal habeas relief; and (2) *Torres* was abrogated by *People

10   v. Lewis*, 11 Cal.5th 952 (Cal. 2021).  Dkt. No. 12 at 6.

11        In his opposition, Petitioner argues that the denial of Section 1172.6 resentencing petition

12   violated the Due Process Clause's requirement that a conviction be supported by substantial

13   evidence because there was insufficient evidence that he acted with the required *mens rea* of

14   reckless indifference to human life.  *See generally* Dkt. No. 13.[4]

15        Petitioner fails to state a claim to the extent he alleges that the state court erred in its

16   application of its own state sentencing law because federal habeas corpus relief does not lie for

17   errors of state law.  *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Bradshaw v. Richey*, 546 U.S.

18   74, 76 (2005).  District courts throughout California have rejected similar challenges to denial of

19   Section 1170.95 petitions, on the grounds that these challenges pertain solely to the state court's

20   interpretation and application of state sentencing law and are therefore not cognizable on federal

21   habeas review.  *Galaz v. Calif.*, No. 2:24-CV-07517-DOC-KES, 2024 WL 4805430, at *4 (C.D.

22   Cal. Oct. 11, 2024), *report and recommendation adopted*, No. 2:24-CV-07517-DOC-KES, 2024

23   WL 4803369 (C.D. Cal. Nov. 15, 2024) (collecting cases); *Muhammad v. Matteson*, No. 2:23-CV-

24   2517-DAD-DMC-P, 2024 WL 3792394, at *2 (E.D. Cal. Aug. 13, 2024), *report and*

25

26   [4] The Court does not address the other arguments presented by Petitioner in his opposition because they challenge the underlying conviction, and not the denial of the resentencing petition.  For example, Petitioner argues that he was prevented from presenting exculpatory third-party culpability evidence to the jury and that the trial court "erred prejudicially in failing to fully instruct the jury regarding a defendant's statements."  *See generally* Dkt. No. 3.  These challenges go to the validity of the underlying conviction.

27

28

4

United States District Court
Northern District of California

1   *recommendation adopted*, No. 2:23-CV-02517-DC-DMC (HC), 2024 WL 4729409 (E.D. Cal.

2   Nov. 8, 2024) (collecting cases); *Nieber v. Macomber*, No. 23-CV-0174-LL-DEB, 2024 WL

3   3405612, at *3 (S.D. Cal. July 12, 2024) (collecting cases); *Calderon v. Covello*, No. 22-CV-

4   03881 BLF (PR), 2023 WL 5420229, at *3 (N.D. Cal. Aug. 22, 2023), *certificate of appealability*

5   *denied*, No. 23-2450 (9th Cir. Sept. 30, 2024) (collecting cases); *Esparza v. Lizarraga*, Case No.

6   17-3168 AB MAA,  2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019), *report and*

7   *recommendation adopted*, 2019 WL 5589040 (C.D. Cal. Oct. 28, 2019), *certificate of*

8   *appealability denied*, No. 19-56299 (9th Cir. March 5, 2021).

9          Petitioner argues that his federal due process rights were violated because there was

10  insufficient evidence to support the denial of his state resentencing petition.  Petitioner's argument

11  involves a state proceeding created exclusively by state law to shorten his sentence. There is no

12  federal right to be resentenced from a valid conviction and sentence.  *See Swarthout v. Cooke*, 562

13  U.S. 216, 220 (2011).

14         A state court's misapplication of state sentencing law may violate due process if a

15  petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or

16  capricious as to constitute an independent due process" violation.  *Richmond v. Lewis*, 506 U.S.

17  40, 50 (1992).  However, a habeas petitioner "may not . . . transform a state-law issue into a

18  federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380,

19  1389 (9th Cir. 1996).

20         Here, the record does not support a finding of state sentencing error, much less an error so

21  arbitrary or capricious as to constitute an independent due process violation.  Petitioner was

22  convicted in 2015 of first-degree murder with a felony-murder special circumstance and a personal

23  use of firearm enhancement (Cal. Penal Code §§ 187(a), 190.2(a)(17(A), 12022.5(a).  *People v.*

24  *Luckett*, C No. A161197, 2021 WL 4843701, at *1 (Cal. Ct. App. Oct. 18, 2021) ("*Luckett*

25  *Resentencing*").  In 2018, the California Senate passed Bill 1437 (2018), which "amend[ed] the

26  felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to

27  ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

28  the intent to kill, or was not a major participant in the underlying felony who acted with reckless

United States District Court
Northern District of California

1    indifference to human life." Stats. 2018, ch. 1015, § 1, subd. (f). Cal. Senate Bill 1437 amended

2    Cal. Penal Code § 188, which defines malice, and amended Cal. Penal Code § 189, which defined

3    the degrees of murder, but after amendment, addressed felony murder liability. Cal. Senate Bill

4    1437 also added Cal. Penal Code § 1170.95, which allows those "convicted of felony murder or

5    murder under a natural and probable consequences theory . . . [to] file a petition with the court that

6    sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced

7    on any remaining counts . . ." Cal. Penal Code § 1170.95(a) (2019). Cal. Senate Bill 1437 did not

8    change the requirements for finding a felony-murder special circumstance set forth in Cal. Penal

9    Code § 190.2, which is what Petitioner was convicted of, and these requirements are the same as

10   the new requirements for felony-murder following the enactment of Cal. Senate Bill 1437. *Luckett*

11   *Resentencing*, 2021 WL 4843701, at *3.

12   A review of the record indicates that there was sufficient evidence presented to support the

13   trial court's finding that Petitioner acted with reckless indifference to human life, as required by

14   Cal. Penal Code § 190.2 to sustain a felony murder special circumstance. The state superior court

15   reviewed the record and the evidence presented after the evidentiary hearing and found that the

16   evidence established beyond a reasonable doubt that Petitioner aided and abetted the attempted

17   robbery with a direct intent to kill and that he was a major participant in the crime who acted with

18   reckless indifference to human life. The state superior court cited the following evidence to

19   support its conclusion: Petitioner and his cohort arrived at the restaurant at time when they would

20   be able to stay until the restaurant closed; made an effort to identify the manager; Petitioner was

21   armed with a gun; when the manager was grabbed by his accomplice, Petitioner held the crowd at

22   bay by brandishing a gun; and witnesses testified that Petitioner exhorted his accomplices to kill

23   the manager if he would not produce the cash quickly. *Id.* at *2. The state appellate court found

24   that the superior court correctly followed the law in reaching its conclusions and that there was

25   substantial evidence to support the superior court's decision in denying the Section 1170.95

26   petition. In reaching its conclusion, the state appellate court cited numerous state cases where

27   defendants who engaged in similar behavior as Petitioner – for example, were physically present

28   at the crime scene, played a critical role in both attempted robbery and murder, used a firearm, and

United States District Court
Northern District of California

1    exhorted an accomplice to shoot the manager – had been found to be recklessly indifferent to

2    human life as a matter of law.  *Id*. at \*3-\*5.

3        The Court GRANTS Respondent's motion to dismiss for failure to state a cognizable

4    federal claim.  Petitioner's claim alleges an error of state sentencing law, for which federal habeas

5    relief does not lie.  Moreover, Petitioner has not shown any state sentencing error, much less that

6    there was an error so arbitrary or capricious that it violated his due process rights.

7    **III.    Denying Certificate of Appealability**

8        The federal rules governing habeas cases brought by state prisoners require a district court

9    that issues an order denying a habeas petition to either grant or deny therein a certificate of

10   appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of

11   appealability "only if the applicant has made a substantial showing of the denial of a constitutional

12   right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.

13   *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the

14   showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that

15   reasonable jurists would find the district court's assessment of the constitutional claims debatable

16   or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not made such a

17   showing, and, accordingly, a certificate of appealability will be denied.

18                                   **CONCLUSION**

19       For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition

20   for failure to state a cognizable federal habeas claim; DISMISSES this petition with prejudice; and

21   DENIED a certificate of appealability.

22       This order terminates Dkt. No. 12.

23       **IT IS SO ORDERED.**

24   Dated:    2/21/2025

25

26                                   HAYWOOD S. GILLIAM, JR.
                                     United States District Judge
27

28